UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 16-72113-JWC |
| D & N ELECTRIC, A CARTER BROTHERS COMPANY, | ) ) ) | |
| | ) | CHAPTER 7 |
| Debtors. | ) ) | |
| | ) | |
| IN RE | ) | CASE NO. 18-61490-JWC |
| | ) | |
| CARTER BROTHERS SECURITY, SERVICES, LLC. | ) ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) ) | |

**MOTION FOR STATUS CONFERENCE ON SETTLEMENT AND COMPROMISE
AND SALE AND FOR EXPEDITED INTERIM RELIEF**

COMES NOW Robert Trauner as Chapter 7 Trustee for the estate of Carter Brothers Security Services, LLC, ("CBSS"), and Tamara Ogier as Chapter 7 Trustee for the estate of D&N Electric, A Carter Brothers Company, Ch.7 Case No. 16-72113 ("D&N"), and bring this Motion for Status Conference on Settlement and Compromise (the "Motion"), which relates to the compromise and settlement of claims against against John Carter, individually, Carter Brothers Services, LLC, Carter Brothers, LLC, and CBC Partners, LLC (collectively the "Defendants"). The compromise and settlement of claims also involved claims of Brightwood Capital SBIC II, L.P. ("SBIC II") and Brightwood Capital Advisors, LLC (BAC, and together with SBIC II,

1

FH5165424.2

"Brightwood") to the extent of their involvement in Adversary Proceeding No. 19-05241.[1] Trustees respectfully show the Court as follows:

## I.  Jurisdiction & Venue

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105, 331, 363, 502(b), 502(d) and 510(c) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 2016, 3007, 6004 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Court's inherent power to address frauds upon the Court, bad faith litigation and to police the practices of parties before it is also implicated. Chambers v. NASCO, Inc. 501 U.S. 32, 43, 47, 115 L.Ed. 2d 27, 111 S.Ct. 2123 (1991).

## II.  Factual Background

2.

The above styled Chapter 7 cases are intertwined by ownership, transactional history, operations and legal issues concerning transfers by the respective estates. D&N was filed as a Chapter 11 case on December 11, 2016. The D&N estate continued to operate as a Chapter 11 debtor-in-possession until Tamara Ogier was appointed as trustee. Mrs. Ogier moved for conversion of the case to Chapter 7, which motion was granted in an order dated August 30, 2018. CBSS filed a voluntary petition for relief under Title 11 U.S.C., Chapter 7, on July 10, 2018. Robert Trauner was assigned as trustee for CBSS. Collectively, the trustees for these bankruptcy estates are referred to herein as "Trustees".

---

[1] Although Brightwood is a defendant in Adversary Proceeding No. 19- 05241, for purposes of this Motion and the proposed settlement, Brightwood is not defined as one of the "Defendants".

2

FH5165424.2

3.

D&N and CBSS are affiliates by virtue of common ownership and management. These two Debtors were operated by a single individual, Mr. John Carter. Mr. Carter is the 99% owner of CBSS. CBSS is the majority shareholder of D&N, holding 60% of its outstanding equity. The two debtors are affiliates under the terms of the Bankruptcy Code. 11 U.S.C. § 101(2). Carter Brothers Services, LLC, Carter Brothers, LLC and CBC Partners, LLC are legal entities under the ownership and control of Mr. Carter. Debtors' financial records and tax returns reflect numerous intercompany transactions, which alternate between debt and equity from year to year. Debtors' records also show numerous transfers by and between the Debtors and the Defendants.

4.

The Trustees filed several lawsuits against the Defendants and entered into lengthy settlement negotiations with Defendant John Carter and the companies he owns and controls concerning various causes of action, including but not limited to allegations of fraudulent conduct and transfers of property. The settlement pleadings, with accompanying agreement, were filed as docket entries nos. 124 and 125 in the Carter Brothers Security Services, LLC case and docket entries nos. 288 and 289 in the D&N, A Carter Brothers Company case. The settlement pleadings and settlement agreements attached thereto as exhibits are incorporated herein by reference.

5.

Aside from resolution of causes of action against John Carter, individually, these affiliate companies include Carter Brothers Services, LLC, Carter Brothers, LLC and CBC Partners. Affected adversary proceedings include:

   a) Adversary Proceeding No. 19-5241, <u>Ogier & Trauner v. Brightwood Capital SBIC II, Brightwood Capital Advisors, LLC, John Carter and Internal Revenue Service</u>.
   b) Adversary Proceeding No. 19-5242, <u>Ogier & Trauner v. Carter Brothers Services, LLC and Carter Brothers LLC</u>.

3

FH5165424.2

    c) Adversary Proceeding No. 19-5244, <u>Ogier & Trauner v. CBC Partners, John Carter and John Does, 1-10</u>.

    d) Adversary Proceeding No. 19-5246, <u>Ogier & Trauner v. John Carter.</u>

All of the above adversary proceedings were dismissed by the Clerk of the Court following entry of the Court's Order approving the settlement.

5.

The settlement agreement also addressed the allowance and subordination of claims filed by Mr. Carter and his affiliates in the D&N bankruptcy case. These include, in the D&N case:

Claim No. 68, MGA Holdings filed in the amount of $560,052.00.

Claim No. 78, John F. Carter filed in the amount of $3,815,034.00.

Mr. Carter furthermore has asserted claims against the Carter Brothers Security Services, LLC estate, albeit not by filing a formal proof of claim.

With regard to all claims asserted by Mr. Carter and his affiliates, the Trustees objected to these claims, which were asserted in and made part of the litigation in Adversary Proceeding No. 19-5241. The settlement provided for all claims asserted by Mr. Carter and his affiliates to be allowed, but subordinated to all other debt of any nature in these bankruptcy cases. However, the claims were not allowed until the settlement was consummated. Upon information and belief, Mr. Carter has already incorporated the claims allowance into certain representations made in tax returns he has since filed with the IRS. Counsel for the United States is aware of these representations.

6.

Finally, the settlement called for payment by the Defendants in the amount of One Million One Hundred Thousand Dollars ($1,100,000.00) and for the transfer of a certain limited partnership interest addressed in adversary proceeding number 19-5241 to a designee to be

4

named by Mr. Carter. As part of this closing, Brightwood was to be able to offset the sum of Fifty Thousand Dollars ($50,000.00) against attorneys fees from the funds being held in suspense by Brightwood. Payment by Mr. Carter was to be made within thirty days of the Court's Orders on the settlements becoming final.

7.

The Court held hearings on these motions on September 17, 2020. At that time, the Court heard from counsel for the Trustees, counsel for John Carter and the remainder of the Defendants in the above referenced adversary proceedings, the United States Trustee, Brightwood and the United States Department of Justice, for the IRS. All parties urged the Court to approve the settlement. Counsel for Mr. Carter represented to the Court that he had performed due diligence into the transaction and that Mr. Carter was not an owner or participant in the entity to whom the limited partnership was to be transferred. Counsel represented, as an agent for Mr. Carter, that Mr. Carter and Defendants were able to close on the transaction and ratified the Defendants' agreement to the terms of the settlement agreement before the Court.[2] The Court entered Orders dated September 17, 2020, approving the settlements and making extensive findings. These Orders are reflected as docket entry no. 296 in the D&N, A Carter Brothers Company case and docket entry no. 135 in the Carter Brothers Security Services, LLC case.

---

[2] Counsel for the Defendants is not a party to this Motion and is not alleged to have engaged in intentional misrepresentations to the Court. However, counsel was a vehicle for communication on the record concerning the Defendants' intent to be bound by the settlement agreement, ability to close and the representations concerning the purchaser that were relied upon by the parties and the Court.

5

FH5165424.2

### III. Request for Status Conference and Expedited Interim Relief

8.

The closing and transfers of monies pursuant to the aforementioned settlement was scheduled to occur on or before November 1, 2020. See Exhibit "A". Trustees' counsel and Brightwood's counsel made repeated requests that Mr. Carter update the parties on the status of the SBA submissions concerning the transfer of the limited partnership interest under the settlement and logistical details concerning the payment of monies between September 17, 2020 and continuing through to this date. The parties were assured that Mr. Carter understood his obligations and intended to perform. See Exhibit "B". However, the settlement closing did not take place and, upon information and belief, Mr. Carter has ceased all communication with his counsel in this matter. Despite numerous requests for information and status updates, Mr. Carter has seemingly disappeared.

9.

Under the terms of the settlement agreement, at Mr. Carter's insistence, the identity of the purchaser of the subject limited partnership interest was confidential. The purchaser's identity is known to Mr. Carter and his counsel, but not to any other party. Mr. Carter's counsel has disclosed only the purchaser's last name to Trustee's counsel, which is insufficient to locate or communicate with the asset purchaser. The Trustees are willing and able to close on the settlement agreement, but since Mr. Carter has ceased all communication with his counsel, Trustees are unable to contact the asset purchaser directly. Mr. Carter, and his counsel, are the only known conduits to the asset purchaser, if such a purchaser in fact exists.

FH5165424.2

10.

Trustees are in the process of preparing appropriate pleadings to address the Defendants' failure to close on the settlement agreement, to enforce the terms of the settlement agreement and to request related relief designed to make the estate whole and preserve the transaction to the extent practicable. Since the settlement agreement is complex and involves numerous parties, keeping the other parties within the otherwise applicable terms of the agreement is one of the Trustees' first priorities. The Trustees believe that both Brightwood and the United States are willing to continue with the terms of the settlement agreement, if either Mr. Carter reappears and is willing to close, or if the Trustees are able to sell the subject limited partnership agreement to another party. However, timing is an issue with regard to the potential market fluctuations that will impact the value of the limited partnership agreement as well as the Trustees' ability to maintain the terms of the settlement agreement with the other parties to the agreement.

11.

The settlement agreement is a binding contract, notwithstanding Mr. Carter's failure to close or make the requisite filings with the SBA allowing for the transfer of the asset. In re BG Petroleum, LLC, 525 B.R. 260 (Bankr. W.D. Pa. 2015); Bulk Petroleum Corp. v. United Cent. Bank (In re Bulk Petroleum Corp.), 2011 Bankr. LEXIS 2058 (Bankr. E.D. Wis. 2011)(citing NLRB v. Local 554, Graphic Communications International Union, AFL-CIO, 991 F.2d 1302 (7th Cir. 1993)); Norton v. Budget Rent A Car System, 307 Ga. App. 501, 502 (705 SE2d 305) (2010). Currently, the limited partnership interest is in Mr. Carter's name, as owner. Under the terms of the settlement agreement, the limited partnership interest was returned to the respective bankruptcy estates and was thereafter to be sold pursuant to 11 U.S.C. § 363(f). The sale aspect

FH5165424.2

has been frustrated by Mr. Carter's disappearance and the Trustees inability to contact the purported asset purchaser. The payment of monies in settlement has also not taken place, but for the limited purposes of this requested status conference, the Trustees ask the Court to address only that which can be addressed without sanctioning, compelling Mr. Carter to pay the sums called for in the agreement or considering any appropriate sanctions. See e.g. Doi v. Halekulani, 276 F.3d 1131 (9th Cir. 2002); Kloeber v. Montanari (In re Montanari), 541 B.R. 420 (Bankr. E.D. TN 2015). The Trustees request that the Court 1) order Mr. Carter and/or his counsel to disclose the identity of the asset purchaser so that the Trustees may contact said purchaser and arrange for the closing of the settlement transaction; 2) enter an order transferring the limited partnership interest to the Trustees, for the benefit of the estates, so that the Trustees may be able to consummate the settlement agreement; 3) enter an order allowing the Trustees to market the limited partnership interest to other potential purchasers, in the event that Mr. Carter and/or his purchaser designee are unable or unwilling to consummate the transaction. Trustees wish to preserve the settlement as reached and approved by this Court and to have Mr. Carter close as intended, but given the circumstances Trustees would be remiss not to seek immediate relief to mitigate potential damages from Mr. Carter's failure to close.

12.

The above requests for immediate relief are entirely consistent with the existing settlement agreement. However, instead of Mr. Carter executing the appropriate transfer documents as contemplated in the agreement, the Trustees request that the Court accomplish this same result by entry of an appropriate Order. Once the asset is in the Trustees' names, and the name of the purchaser has been disclosed, the Trustees may seek to proceed with the sale of the asset to the purchaser despite Mr. Carter's seeming disappearance. As a means of mitigating

FH5165424.2

potential damages from a failure to close, Trustees also seek an order allowing the Trustees to market the asset to potential third parties pending the outcome of the Trustees' efforts to compel Mr. Carter to adhere to the terms of the settlement agreement. The Trustees remain willing to close pursuant to the existing Orders on the settlement agreement, but seek this Court's Order that these mitigation efforts are not inconsistent with or prejudicial to the Trustees efforts to enforce the other terms of the settlement agreement.

13.

This Court has the inherent authority to enter an order enforcing the terms of the settlement agreement to the extent requested herein, and to reserve the issue of punitive measures subject to a further hearing on notice concerning potential additional remedies premised on a bad faith failure to close. See e.g. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991). Trustees are not seeking a sanction by this pleading, but rather the Court's intervention in providing interim relief designed to allow the Trustees to proceed with closing the approved settlement agreement and to allow the Trustees to initiate remedial actions intended to mitigate the damages from a failure to close on the settlement agreement. "The federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Woodson v. Surgitek, 57 F.3d 1406, 1417 (5th Cir. 1995). "The inherent power is 'not conferred by rule or statute,' but exists for courts 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Leverty & Assocs. Law Chtd. v. Exley, No. 3:17-cv-00175-MMD-WGC, 2018 U.S. Dist. LEXIS 221766, at *23 (D. Nev. Nov. 5, 2018)(quoting Goodyear Tire & Rubber Co. v. Haeger, 137 S.Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017)). Trustees appeal to the inherent authority of the Court to allow the Trustees to attempt to close on the settlement agreement as already approved by this Court's

9

FH5165424.2

Orders, to provide the Trustees the means to contact the purported purchaser in Mr. Carter's absence and to market the property in order to mitigate potential damages to the estates.

WHEREFORE, Robert Trauner, Chapter 7 Trustee for the estate of Carter Brothers Security Services, LLC and Tamara Ogier, Chapter 7 Trustee for the estate of D&N Electric, A Carter Brothers Company, respectfully request this Court:

(a) Enter an order transferring the limited partnership interest subject to the settlement agreement to the Trustees, for the benefit of the estates;

(b) Enter an order directing Mr. Carter and/or his counsel to produce the identity of the purported asset purchaser under the settlement agreement;

(c) Enter an order allowing the Trustees to market the limited partnership interest to potential third parties, in the event that the settlement agreement is not consummated as provided for in this Court's existing Orders; and

(d) Grant such other and further relief as the Court may deem just and reasonable.

On this date: November 6, 2020.

MACEY, WILENSKY & HENNINGS, LLP

/s/ Todd E. Hennings
Todd E. Hennings, Bar No. 347302

5500 Interstate North Parkway
Suite 435
Atlanta, GA 30328
(404) 584-1234
(404) 681-4355- Facsimile
thennings@maceywilensky.com
Attorneys for Robert Trauner,
And Tamara Miles Ogier
Chapter 7 Trustees

FH5165424.2

# Todd E. Hennings

| | |
|---|---|
| **From:** | Ed Danowitz <edanowitz@danowitzlegal.com> |
| **Sent:** | Friday, September 25, 2020 9:07 AM |
| **To:** | Todd E. Hennings |
| **Cc:** | Bauer, Alison (abauer@foleyhoag.com); John Carter (jcarter@carterbrothers.com) |
| **Subject:** | RE: Documents |

Todd,
Mr. Carter is aware of the process, the deadlines, and is actively involved at this time. I expect the Brightwood documents will be submitted very soon.
As a point of clarification, the $1.1 is due within 30 days of the order approving the settlement becoming final and non-appealable. The Order was entered on 9/18. The order is appealable until October 2. Therefore, payments is due on or before November 1.

Ed Danowitz
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339
770-933-0960
www.DanowitzLegal.com

**From:** Todd E. Hennings <THennings@maceywilensky.com>
**Sent:** Thursday, September 24, 2020 7:31 PM
**To:** Ed Danowitz <edanowitz@danowitzlegal.com>
**Cc:** Bauer, Alison (abauer@foleyhoag.com) <abauer@foleyhoag.com>
**Subject:** Documents

Ed, when is Mr. Carter going to file the transfer documents?

After all this effort, I would really really hate to see the deal fall apart. Payment is due 10/17 and we know that the SBA can take weeks.

Please give me a date where Mr. Carter will submit the documents. Tell me where it stands now.

Thanks.

Todd


## Todd E. Hennings | Partner
Macey, Wilensky & Hennings, LLP
5500 Interstate Parkway North, Suite 435
Sandy Springs, GA 30328
Firm 404.584.1234 | Direct 404.584.1222 | Fax 404.681.4355
thennings@maceywilensky.com | www.maceywilensky.com



1

M | W | H
MACEY, WILENSKY & HENNINGS, LLP

## CONFIDENTIALITY NOTICE

This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Macey, Wilensky & Hennings, LLP, which is protected under the attorney-client privilege and/or work product privilege doctrine(s). The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or (ii) in promoting, marketing or recommending to another party a partnership or other entity, investment plan, arrangement or other transaction addressed herein.

# Todd E. Hennings

| | |
|---|---|
| **From:** | Ed Danowitz <edanowitz@danowitzlegal.com> |
| **Sent:** | Thursday, October 22, 2020 8:45 PM |
| **To:** | Bauer, Alison |
| **Cc:** | Todd E. Hennings |
| **Subject:** | RE: Carter Settlement Documents |

Allison,
I heard from Mr. Carter earlier this week that he was meeting in person with Mr. Johnson to finalize details. I was expecting something definitive this week, but have not yet received it. I will promptly forward any details when received.

**Ed Danowitz**
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339
770-933-0960
www.DanowitzLegal.com

**From:** Bauer, Alison <abauer@foleyhoag.com>
**Sent:** Thursday, October 22, 2020 11:15 AM
**To:** Ed Danowitz <edanowitz@danowitzlegal.com>
**Cc:** Todd E. Hennings <THennings@maceywilensky.com>
**Subject:** RE: Carter Settlement Documents

Ed,
We need a response if the settlement is to happen or we will have to explore rights for sanctions.
Best,

**From:** Ed Danowitz <edanowitz@danowitzlegal.com>
**Sent:** Monday, October 19, 2020 5:09 PM
**To:** Bauer, Alison <abauer@foleyhoag.com>
**Subject:** RE: Carter Settlement Documents

**EXTERNAL**

Allison,
I am not sure, but I am trying to find out.

**Ed Danowitz**
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339
770-933-0960
www.DanowitzLegal.com



**From:** Bauer, Alison <abauer@foleyhoag.com>
**Sent:** Monday, October 19, 2020 4:18 PM
**To:** Ed Danowitz <edanowitz@danowitzlegal.com>; Todd E. Hennings <THennings@maceywilensky.com>
**Cc:** 'Tamara Ogier (tmo@orratl.com)' <tmo@orratl.com>; Robert Trauner <rtrauner9@gmail.com>; Brownell, Aaron C.

1

(TAX) <Aaron.C.Brownell@usdoj.gov>
**Subject:** RE: Carter Settlement Documents

Ed,
What is the status of the purchase of the LP interest pursuant to the settlement agreement?

---

**From:** Ed Danowitz <edanowitz@danowitzlegal.com>
**Sent:** Wednesday, October 14, 2020 4:27 PM
**To:** Bauer, Alison <abauer@foleyhoag.com>; Todd E. Hennings <THennings@maceywilensky.com>
**Cc:** 'Tamara Ogier (tmo@orratl.com)' <tmo@orratl.com>; Robert Trauner <rtrauner9@gmail.com>; Brownell, Aaron C. (TAX) <Aaron.C.Brownell@usdoj.gov>
**Subject:** RE: Carter Settlement Documents

**EXTERNAL**

---

Allison,
I have followed up with Mr. Carter and he has the instructions. Let me know when Darren Olidge is contacted.

**Ed Danowitz**
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339
770-933-0960
www.DanowitzLegal.com

---

**From:** Bauer, Alison <abauer@foleyhoag.com>
**Sent:** Wednesday, October 14, 2020 3:28 PM
**To:** Todd E. Hennings <THennings@maceywilensky.com>; Ed Danowitz <edanowitz@danowitzlegal.com>
**Cc:** 'Tamara Ogier (tmo@orratl.com)' <tmo@orratl.com>; Robert Trauner <rtrauner9@gmail.com>; Brownell, Aaron C. (TAX) <Aaron.C.Brownell@usdoj.gov>
**Subject:** RE: Carter Settlement Documents

Ed,
Following up on this, my client is asking to who's attention the documents were sent. Please advise and please let me know when they are resent.
Best,
Alison

---

**From:** Todd E. Hennings <THennings@maceywilensky.com>
**Sent:** Tuesday, October 13, 2020 1:31 PM
**To:** Ed. BK Lawyer Danowitz <edanowitz@danowitzlegal.com>
**Cc:** 'Tamara Ogier (tmo@orratl.com)' <tmo@orratl.com>; Robert Trauner <rtrauner9@gmail.com>; Brownell, Aaron C. (TAX) <Aaron.C.Brownell@usdoj.gov>; Bauer, Alison <abauer@foleyhoag.com>
**Subject:** Carter Settlement Documents

**EXTERNAL**

---

Ed,

I have spoken with Alison and she is unaware of any documents sent to Brightwood.

2

She has requested that documents be submitted to Darren Olidge at olidge@brightwoodlp.com with a copy to Alison. And, per the agreement, to Aaron with the DOJ. I would appreciate a copy as well.

Thanks.

Todd

**Todd E. Hennings | Partner**
Macey, Wilensky & Hennings, LLP
5500 Interstate Parkway North, Suite 435
Sandy Springs, GA 30328
Firm 404.584.1234 | Direct 404.584.1222 | Fax 404.681.4355
thennings@maceywilensky.com | www.maceywilensky.com

**M | W | H**
MACEY, WILENSKY & HENNINGS, LLP

CONFIDENTIALITY NOTICE

This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Macey, Wilensky & Hennings, LLP, which is protected under the attorney-client privilege and/or work product privilege doctrine(s). The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or (ii) in promoting, marketing or recommending to another party a partnership or other entity, investment plan, arrangement or other transaction addressed herein.

Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com.

3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am, and was at all times relevant hereto, over the age of 18 years old. I further certify that on November 6, 2020, service of the attached pleading was made by First Class Mail, postage fully pre-paid to:

Aaron Charles Brownell
US Department of Justice Tax Division
P.O. Box 14198
Washington, DC 14198

Edward Danowitz
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339

Alison Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY US 10019

THOMAS W. DWORSCHAK
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia  30303


This 6th day of November, 2020.

                                                            MACEY, WILENSKY & HENNINGS, LLP

                                                            /s/ Todd E. Hennings
                                                            Todd E. Hennings
                                                            Georgia Bar No. 347302


5500 Interstate North Parkway
Suite 435
Atlanta, Georgia 30328
Telephone: (404) 584-1234
Facsimile:  (404) 681-4355
thennings@maceywilensky.com
Attorneys for Tamara Miles Ogier and Robert Trauner, Chapter 7 Trustees

11

FH5165424.2